IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00781-PAB-MEH

ROGER WAYNE LODER, an individual,

     Plaintiff,

v.

MMFS INTERNATIONAL SA de CV, a Mexico corporation,
MISTER MONEY FINANCIAL SERVICES, INC., a Colorado corporation,
RALPH TEDROW WILL, an individual,
RALPH DOUGLAS WILL, an individual,
TIMOTHY SCOTT LANHAM, an individual,
MISTER MONEY HOLDINGS, INC., a Colorado corporation,
MISTER MONEY MEXICO SA de CV, a Mexico corporation, and
MISTER MONEY INTERNATIONAL, INC., a Colorado corporation,

     Defendants.

_____

### ORDER REMANDING CASE TO STATE COURT
_____

The Court takes up this matter *sua sponte* on the defendants' notice of removal [Docket No. 1] and plaintiff's Complaint [Docket No. 1-2]. The notice of removal claims that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). *See* Notice of Removal Pursuant to 28 U.S.C. § 1441 et seq. [Docket No. 1] ("Notice of Removal") ¶ 2. The Notice of Removal further states that "[a]ccording to the Complaint, Plaintiff is a United States citizen domiciled in the state of Texas." Notice of Removal ¶ 2. The Complaint itself avers that "Plaintiff Roger Wayne Loder . . . is a United States citizen who has continuously lived in Mexico since 1991 and whose declared domicile for purposes of voting and the issuance of a United States

Driver's license is Texas."  Notice of Removal, ex. A (Complaint) ¶ 1.  Due in part to the averred facts regarding plaintiff's stated domicile, and in order to ensure itself of its jurisdiction over this matter, on August 3, 2009, the Court issued an Order to Show Cause [Docket No. 60].  The Order required defendants to account for the citizenship of all of the parties to the case and to show why the case should not be remanded for lack of diversity-based jurisdiction.  *See* Order to Show Cause [Docket No. 60].  On August 12, 2009, defendants responded and reported that they "believe this Court's concerns are wellfounded and they are not in a position to show cause regarding the diversity of the parties."  Defs.' Resp. to Order to Show Cause [Docket No. 61] ("Defs.' Resp.") ¶ 7.

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Therefore, when a defendant removes a case from state court asserting this Court's diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  Defendant must make such a showing despite the presumption that exists against removal jurisdiction.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Based on the statements in the notice of removal, defendants appeared to invoke § 1332(a)(3) as the basis for this Court's subject-matter jurisdiction: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are

2

additional parties . . . ."  28 U.S.C. § 1332(a)-(a)(3) (2006).  Defendants appear to satisfy this standard as they are citizens of either Colorado or Mexico.  Based on the averred facts, however, plaintiff's status as a citizen of a state remained dubious.

Generally, a natural person is a citizen of the state in which he or she is domiciled, not merely where he or she resides.  *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Smith*, 445 F.3d at 1260.

The initial assertion that plaintiff's "declared domicile for purposes of voting and the issuance of a United States Driver's license is Texas," failed to demonstrate sufficiently that plaintiff was a Texas citizen for diversity purposes.  Even if it could be established that plaintiff was a citizen of Texas at one point in time, it also must be established that his domicile had not changed prior to the time of filing or removal of this case.

"To effect a change in domicile, two things are indispensable: First, residence in a new domicile, and second, the intention to remain there indefinitely."  *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).  The Tenth Circuit Court of Appeals has stated that upon leaving a former domicile, "[a] 'floating intention' to return to [that] former domicile does not prevent the acquisition of a new domicile."  *Crowley*, 710 F.2d at 678.

Courts often consult various factors when ascertaining a party's domicile including: "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of

3

employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity."  13E Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure § 3612 (2009).

However, the list is not exclusive and none of the factors tends to be dispositive. *See* 13E Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure § 3612 (2009).  Instead, Courts exercise their discretion to determine jurisdictional facts by weighing the totality of the evidence and making findings regarding a particular party's intent to remain in a specific location.

In the present case, defendants now admit that "[w]hile Plaintiff has made statements that he is domiciled in Texas, further factual analysis supports the conclusion that he is actually domiciled in Mexico."  Defs.' Resp. ¶ 5; *see also* Defs.' Resp. ¶ 2.  For example, plaintiff's reported twenty-year absence from his putative state of citizenship and his statements made in a deposition indicate that plaintiff not only resided in Mexico, but that he intended to remain there.  *Cf. Causey v. Lockridge*, 22 F. Supp. 692, 693 (D.S.C. 1938) (stating that one's intention to remain in a new location or to abandon an old one may be presumed, where absence from the original domicile is extensive).

Furthermore, the only evidence supporting a finding that plaintiff retained his purported Texas citizenship is that his "declared domicile for purposes of voting and the issuance of a United States Driver's license is Texas."  As mentioned above, a party's statement in litigation regarding his own state of domicile, while important, is not conclusive.  *See Townsend v. Bucyrus-Erie Co.*, 144 F.2d 106, 109 (10th Cir. 1944) ("Declarations of intention to establish or retain residence in a particular locality are of

4

course entitled to great weight in the determination of the factum of residence, but like other declarations they should be viewed in the light of the motive which prompted them."); *see also Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) ("A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts.").  As for the driver's license and voter registration, at least one court found that similar evidence was not enough to establish that a party necessarily maintained her domicile in a particular state.  *See Lawson v. Morgan*, 352 F. Supp. 282, 283 n.1 (E.D. Pa. 1973).

Therefore, the facts demonstrate that plaintiff is domiciled in Mexico.  Although plaintiff is a United States citizen he is not the citizen of a U.S. state for the purpose of diversity jurisdiction.  Therefore, 28 U.S.C. § 1332(a) cannot serve as the basis for this Court's jurisdiction.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-9 (1989).  With no other basis for jurisdiction asserted or established, defendants have failed to meet their burden in establishing the jurisdictional facts that support this Court's subject-matter jurisdiction.  The consequence of this is that the case must be remanded. *See Laughlin*, 50 F.3d at 873-74.

Therefore, due to defendants' inability to show cause why this case should not be remanded as a result of this Court's lack of subject-matter jurisdiction, it is

**ORDERED** that this case is REMANDED to the District Court, Larimer County, Colorado, where it was originally filed as Case No. 2008CV264.  It is further

**ORDERED** that because this Court lacks jurisdiction over this matter, all settings and orders are hereby vacated.

5

DATED August 13, 2009.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge